# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NIKOLAOS LIMBERATOS,<br><br>Petitioner,<br><br>v.<br><br>WARDEN GREENE,<br><br>Respondent. | CIVIL ACTION NO. 3:25-cv-02327<br><br>(SAPORITO, J.) |

## ORDER

Nikolaos Limberatos, a prisoner incarcerated at FCI-Allenwood Low, proceeds on a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. (Doc. 1). He claims that the Bureau of Prisons ("BOP") has failed to properly consider him for prerelease custody. Because the court lacks jurisdiction to consider his claims, the petition will be dismissed.

## I. BACKGROUND

In January 2023, in the United States District Court for the Southern District of New York, Limberatos received an aggregate sentence of 120 months imprisonment for a series of convictions arising from a large-scale ATM skimming operation. *See United States v. Limberatos*, No. 1:19-CR-00651 (Doc. 1346) (S.D.N.Y., Jan. 12, 2023). As of January 2026, he was projected to be released on May 2, 2027, after

the BOP applied 365 days of earned time credit under the First Step Act toward his release. *See* (Doc. 9-3).

Limberatos is a foreign national who has immigration proceedings pending against him. The BOP's Institutional Hearing Program ("IHP") provides for immigration hearings against a prisoner to proceed while the prisoner is in BOP custody. Pursuant to BOP policy, an inmate in this program will not be transferred to prerelease custody (*i.e.*, a residential reentry center or home confinement) until their immigration hearing is complete. Limberatos has been included in this program. *See* (Doc. 9-2, ¶¶ 6-7 (citing BOP Program Statement 5111.04)).

On September 23, 2025, Limberatos received an "Individualized Needs Plan — Program Review," which included an evaluation of his suitability for placement in a residential reentry center ("RRC") or home confinement. The review indicated that "Consideration has been given for Five Factor Review (Second Chance Act)," and listed findings as to each of the five enumerated factors:

> Facility Resources: RRCs have limited bed space availability & must be used judiciously to provide re-entry services to as many [inmates] as poss[ible]
>
> Offense: CONSPIRACY TO COMMIT ACCESS DEVICE FRAUD, WIRE FRAUD, BANK FRAUD &

> [MONEY] LAUNDERING.
>
> Prisoner: Average programming, clear conduct.
>
> Court Statement: No recommendations regarding RRC consideration
>
> Sentencing Commission: U.S. Sentencing Commission has not issued any policy statements related to BOP pre-release RRC procedure.

(Doc. 9-5 at 4). The BOP ultimately found that "[i]n accordance with guidance provided by Correctional Program Branch on February 10, 2025, inmates that are in IHP participation status should not be referred for RRC placement." *See* (*id.*).

In his petition, which the Court received on December 5, 2025, Limberatos claims he was improperly denied prerelease custody "because of being an IHP participant, PSF assignment, non-U.S. Citizen, P.S. 7310.04, and future immigration detainer" in violation of the Second Chance Act ("SCA"), 18 U.S.C. § 3621(b). *See* (Doc. 1 at 2). He further claims entitlement to "240 days of extra [earned time credits] I will be earning while I'm programming, and at least 120 days of [halfway house/home confinement] under the SCA to afford me with a reasonable opportunity to adjust and prepare for the re-entry into the community." *See* (Doc. 1-3 at 3).

## II. Discussion

Limberatos's petition will be dismissed because the Court lacks jurisdiction to consider it. The United States Court of Appeals for the Third Circuit has recognized that prisoners may challenge the "execution" of their sentences under 28 U.S.C. § 2241. *See Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 241-44 (3d Cir. 2005). However, in *Cardona v. Bledsoe*, 681 F.3d 533 (3d Cir. 2012), the Third Circuit held that "[i]n order to challenge the execution of [a] sentence under § 2241, [a petitioner] would need to allege that BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment." 681 F.3d at 537. Although several nonprecedential Third Circuit cases have recognized Section 2241 challenges to placement in prerelease custody, *Cardona* "is the latest precedential decision to fully consider and delineate the jurisdictional boundaries of execution-of-sentence claims." *See Lama v. Greene*, No. 3:26-CV-00012, 2026 WL 2126367, at *3-4 (M.D. Pa. July 23, 2026) (surveying case law).

On that basis, most courts in this district have found that they lack jurisdiction over challenges to the BOP's conduct regarding prerelease custody, because such conduct is not inconsistent with the sentencing

judgment. *See*, *e.g.*, *Adeboye v. Warden of FCI Allenwood Low*, No. 1:26-CV-00753, 2026 WL 1091998, at *3-4 (M.D. Pa. Apr. 22, 2026) (listing cases); *Raji v. Greene*, No. 3:25-CV-2208, 2026 WL 1021834 (M.D. Pa. Apr. 15, 2026); *but see Hauer v. Greene*, No. 1:25-CV-2070, 2026 WL 448722, at *2 (M.D. Pa. Feb. 17, 2026) ("differ[ing] from decisions by other courts in this district" by finding jurisdiction over a petitioner's "challenge to the BOP's policy that categorically excludes him from placement in prerelease custody").[1] While Limberatos argues that his claims of statutory violations are cognizable because they are "part of the sentencing framework" (Doc. 12 at 2), he offers no precedent within this circuit for that interpretation. Acknowledging that "case law within this circuit undoubtedly creates confusion" as to habeas jurisdiction over such claims, *see Lama*, 2026 WL 2126367, at *4, we find that the Court lacks jurisdiction to consider Limberatos's claimed entitlement to prerelease

[1] We acknowledge that in multiple cases in this district, counsel for habeas respondents have recently withdrawn certain jurisdictional arguments for dismissal in response to briefing submitted by the Solicitor General in *Maxwell v. Thomas*, No. 25-5930 (U.S. April 16, 2026). *See*, *e.g.*, *Gutierrez v. FCI Allenwood LSCI, Warden*, No. 3:26-cv-00950 (M.D. Pa.) (Doc. 11, June 16, 2026). "Nevertheless," at present, "this court is bound by *Cardona*'s jurisdictional requirements for Section 2241 petitions." *Lama*, 2026 WL 2126367, at *4.

custody under Section 2241.

Moreover, with respect to Limberatos's claim that he was denied the individualized review required under the SCA, he would not be entitled to relief on the merits. The decision of whether to transfer an inmate to prerelease custody is left to the discretion of the BOP. *See* 18 U.S.C. § 3624(c)(4). In exercising this discretion, the BOP must "consider" the following factors:

> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence--
>
> > (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
> >
> > (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b). "[T]he BOP may place a prisoner where it wishes, so long as it considers the factors enumerated in § 3621." *Woodall*, 432 F.3d at 245; *see* 18 U.S.C. § 3624(c).

In this case, Limberatos's review on September 23, 2025, indicates that the BOP considered these five factors. *See* (Doc. 9-5 at 4). Limberatos objects to certain "generic" language within the findings, but the statute does not preclude references to generic conditions.[2] Although the BOP's position is clear that "inmates that are in IHP participation status should not be referred for RRC placement," that does not negate that the BOP "considered" the statutorily required factors.[3] For the same reasons, Limberatos would not be entitled to 120 days of home confinement under

[2] For example, Limberatos objects to the BOP's finding of "limited bed space in RRCs," claiming that any analysis "based on supposed 'future' bed availability" is "speculative." (Doc. 12 at 8). Courts in this district have repeatedly found the same language to be consistent with the required individualized review. *See*, *e.g.*, *Adeboye*, 2026 WL 1091998, at *5; *Raji*, 2026 WL 1021834, at *3.

[3] *See*, *e.g.*, *Adeboye*, 2026 WL 1091998, at *5-6; *Moli v. Greene*, No. 1:25-CV-2353, 2026 WL 964312, at *2 n.2 (M.D. Pa. Apr. 9, 2026) (IHP participant was nonetheless "provided the individualized review required by Section 3621(b)"); *Barry v. Warden, LSCI-Allenwood,* No. 3:26-CV-151, 2026 WL 825379, at *3-4 (M.D. Pa. Mar. 25, 2026) ("Barry's Unit Team gave him individualized consideration consistent with the five factors of § 3621(b) . . . The Unit Team also found that Barry does not qualify for prerelease placement under the Second Chance Act due to his status as an [IHP] participant . . ."); *but see Al Haj v. LSCI-Allenwood Warden*, No. 1:24-CV-1193, 2025 WL 1115751, at *5 (M.D. Pa. Apr. 15, 2025) (finding that "[b]y automatically removing inmates from consideration for prerelease custody based on their immigration detainers, the BOP is impermissibly ignoring the five factors").

18 U.S.C. § 3632(c)(2) to "prepare for the re-entry into the community." *See Adeboye*, 2026 WL 1091998, at *5-6.

## III. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. The petition (Doc. 1) is **DISMISSED** for lack of jurisdiction.

2. Limberatos's motions requesting appointment of counsel (Doc. 3) and expedited consideration (Docs. 13, 14) are **DENIED** as moot.

2. The Clerk is directed to mark this case as **CLOSED**.

Dated: August 13, 2026

*s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States District Judge